IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-01-407 |
| | § | |
| CURLEY BERNHARD HICKS | § | (Civil Action No. H-05-2486) |
| | § | |

## MEMORANDUM AND ORDER

The defendant, Curley Bernhard Hicks, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Criminal Docket No. 37). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court concludes that the motion must be denied for reasons set forth below.

**I.   BACKGROUND**

On May 31, 2001, a federal grand jury in this district returned a one-count indictment against Hicks, a previously convicted felon, charging him with illegal possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Hicks pleaded guilty to that charge on August 23, 2001, without a written plea agreement. The Probation Office prepared a presentence report (the "PSR") for purposes of determining punishment. In a judgment entered on January 17, 2002, the Court sentenced Hicks to serve 105 months of imprisonment followed by a 3-year term of supervised release.

Hicks did not appeal or otherwise challenge his conviction and sentence until he filed the pending motion under 28 U.S.C. § 2255, which was executed by him on July 11, 2005. The primary argument presented in the motion is that the sentence imposed violates the Sixth Amendment to the United States Constitution because it is based on facts found in the PSR and not by a jury beyond a reasonable doubt. For reasons discussed more fully below, Hicks is not entitled to relief under 28 U.S.C. § 2255.

**II.  LEGAL STANDARD FOR SECTION 2255 MOTIONS**

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-31 (5th Cir. 1991)). Accordingly, review of convictions under 28 U.S.C. § 2255 ordinarily is limited to "questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *see also United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). A criminal defendant seeking relief from his conviction or sentence in a motion pursuant to 28 U.S.C. § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject

to collateral attack. *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

### III.   DISCUSSION

Because the defendant is *pro se*, the Court has reviewed the pleadings under the liberal standard accorded under *Haines v. Kerner*, 404 U.S. 519 (1972).  Hicks argues that he is entitled to relief under 28 U.S.C. § 2255 because the Sentencing Guidelines used to determine his punishment were applied to him in an unconstitutional manner.  Specifically, Hicks maintains that his sentence was enhanced improperly with fact findings that were not established by his guilty plea or a jury verdict beyond a reasonable doubt.  In support of this claim, Hicks relies *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005) for the proposition that he is entitled to relief under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

In *Blakely*, which involved a guilty plea entered in the State of Washington, the Supreme Court invalidated an exceptional sentence imposed by the trial court after finding that the punishment exceeded the statutory maximum applicable to the facts admitted by the defendant.  *See Blakely*, 124 S. Ct. at 2537-38.  In doing so, the *Blakely* Court applied the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Questions arose immediately about the continued viability of the United States Sentencing Guidelines.  *See Blakely*, 124 S. Ct. at 2546 (O'Connor, J., dissenting).

3

Before *Blakely*, every federal circuit court of appeals had held that *Apprendi* did not apply to Sentencing Guideline calculations based on judicial fact findings, so long as the sentence was imposed within the statutory maximum as determined by the United States Code.[1] In *Booker*, however, the Supreme Court found "no distinction of constitutional significance between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in *Blakely*. *Booker*, 125 S. Ct. at 749. In particular, the Supreme Court in *Booker* held that the mandatory character of the Sentencing Guidelines was incompatible with the Sixth Amendment right to a jury trial. *Id.*, 125 S. Ct. at 749-50. Thus, as it did in *Blakely*, the Supreme Court in *Booker* extended the holding in *Apprendi* with the following modification: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 125 S. Ct. at 756.

Hicks is not entitled to relief under *Booker* for more than one reason. Hicks has not presented his *Booker* claim properly because he did not raise this claim on direct appeal. Instead, Hicks presents this claim for the first time on collateral review. Hicks does not

---

[1] *See, e.g., United States v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine*, 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez*, 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3rd Cir. 2003): *United States v. Patterson*, 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb*, 255 F.3d 890, 898 (D.C. Cir. 2001); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba*, 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia*, 240 F.3d 180, 183-84 (2d Cir. 2001).

demonstrate cause and actual prejudice, or that he is "actually innocent" of the crime for which he was convicted, and therefore his claim is barred by the doctrine of procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

Further, Hicks's § 2255 motion appears to depend entirely on his argument that prior convictions were used to increase his sentence in violation of the Constitution because those convictions were not proven to a jury beyond a reasonable doubt. By its plain terms, the rule in *Apprendi*, as applied by *Blakely* and *Booker*, excludes prior convictions from the type of fact required to be proven to a jury beyond a reasonable doubt. Accordingly, Hicks fails to demonstrate that he is entitled to any relief.

More importantly, the motion filed by Hicks, which is dated July 11, 2005, is barred by the governing statute of limitations found in 28 U.S.C. § 2255, which typically expires one year from the date on which a judgment of conviction becomes final. Acknowledging the lateness of his motion, Hicks points to 28 U.S.C. § 2255, ¶ 6(3), and argues that his claim under *Booker*, which was decided on January 12, 2005, is newly recognized and therefore timely because he filed his motion within the one-year of that decision. However, the limitations period found in § 2255 ¶ 6(3) runs from "the date on which the right asserted was initially recognized by the Supreme Court" only if "that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255, ¶ 6(3). Thus, Hicks is not entitled to relief under *Booker* unless that decision

5

is retroactive to collateral review. For reasons set forth briefly below, *Booker* is not such a decision.

Hicks concedes that the rule in *Booker* is a new rule. To the extent that *Booker* represents a new rule, the retroactivity doctrine announced in *Teague v. Lane*, 489 U.S. 288 (1989), bars relief on collateral review to cases that have become final before the new rule is announced. Hicks was sentenced in this case pursuant to a judgment entered on January 17, 2002. Thus, his conviction became final well before the Supreme Court decided *Booker* on January 12, 2005. Every circuit court of appeals to address the issue of retroactivity has agreed that *Booker* is not applicable on collateral review under 28 U.S.C. § 2255 to convictions that were final before that date. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude . . . that *Booker* does not apply retroactively to criminal cases that became final before its release on Jan. 12, 2005."), *cert. denied*, — U.S. —, 125 S. Ct. 2559 (June 6, 2005); *Humphress v. United States*, 398 F.3d 855, 856 (6th Cir. 2005) (rejecting an initial § 2255 motion and holding that *Booker* does not apply retroactively to cases already final on direct review); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005) ("*Booker* is not retroactive, *i.e.*, it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005"); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005) ("Because *Booker* announced a rule that is "new" and "procedural," but not

6

"watershed," *Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005[.]"); *United States v. Bellamy*, 411 F.3d 1182, 2005 WL 1406176 (10th Cir. 2005) ("[L]ike *Blakely*, *Booker* does not apply retroactively on collateral review[.]"); *Never Misses a Shot v. United States*, — F.3d —, 2005 WL 1569403, *2 (8th Cir. 2005) ("[W]e conclude the "new rule" announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."); *see also In re Elwood*, 408 F.3d 211 (5th Cir. 2005) (holding that *Booker* is not retroactive to a second or successive motion under 28 U.S.C. § 2005).

Because *Booker* is not retroactive, any claim under *Booker* is barred by *Teague*. Any claim by Hicks that is not based on *Booker* is barred by the one-year statute of limitations. Hicks concedes that his motion is untimely. Other than pointing to *Booker*, Hicks offers no reason for the lateness of his filing. Although Hicks proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely motion. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling). Hicks is not entitled to relief under 28 U.S.C. § 2255. Accordingly, his motion is denied.

## IV.   CERTIFICATE OF APPEALABILITY

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may

proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all the reasons set forth above, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim, or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## V.   CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the defendant is not entitled to the relief that he seeks and **ORDERS** as follows:

1. The defendant's § 2255 motion (Criminal Docket No. 37) is **DENIED** and the corresponding civil action (H-05-2486) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

3. A separate final judgment will issue.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **July 22, 2005**.

_____
Nancy F. Atlas
United States District Judge